Filed 5/11/16  P. v. Cifuentes CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B266508 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA079228) |
| v. | |
| BYRON CIFUENTES, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Byron Cifuentes (defendant) appeals from the judgment entered upon termination of his probation and imposition of his previously suspended sentence.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On February 8, 2016, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

\*      BOREN, P.J., CHAVEZ, J., HOFFSTADT, J.

On May 2, 2014, defendant was convicted pursuant to a plea agreement under which he pled no contest to battery with injury on a peace officer (count 4), in violation of Penal Code section 243, subdivision (c)(2),[1] and to misdemeanor resisting, obstructing and delaying a peace officer or emergency medical technician (count 6), in violation of section 148, subdivision (a)(1). In addition, defendant admitted a prior prison term pursuant to section 667.5, subdivision (b). Counsel stipulated to the factual basis as contained in the police report. In exchange for his plea, defendant would be given a suspended sentence of five years (consisting of the high term of three years as to count 4, a consecutive one-year term as to count 6, and a one-year consecutive term for the prison-prior enhancement) and would be placed on formal probation for three years during which time he was required to complete a one-year drug treatment program, which would not count for custody credit.

The trial court sentenced defendant to a five-year term as agreed, suspended execution of sentence, placed defendant on three years of formal probation, and ordered him to enroll in a one-year residential drug treatment program within 30 days of his release from custody. Among other terms and conditions of probation, the court ordered defendant to comply with all rules and regulations of the program, adding: "If you leave or you are discharged from the program for any reason prior to completion, you are ordered to report to court on the next court date that is in session." Defendant stated that he understood.

Over the next six months, defendant entered and left three programs without completing them, leading the trial court to find defendant in violation of probation. On May 21, 2015, the court continued defendant on probation under the same terms and conditions, with the additional conditions that he complete two years of residential treatment at the Dream Center Discipleship program, comply with all the program terms and conditions, submit to drug testing, and waive all custody credit except 365 days. The judge explained to defendant that his waiver meant that if he violated probation again,

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

only 365 days of credit would be given.  Defendant agreed to those terms.  The court scheduled a progress report for October 6, 2015.  Less than two months later defendant left the Dream Center without completing the program, after the Center issued two community service penalties for failure to abide by the Center's rules.  At the probation revocation hearing defendant testified that the Dream Center had helped him, that he had been sober for nine months before leaving, and sober ever since.  However, because one of the Center's leaders "pick[ed] on" him, they disagreed about the rule violations, and since defendant did not want anymore confrontations, he left.

On August 25, 2015, the trial court again found defendant in violation of his probation, which was terminated.  The previously suspended sentence was imposed and defendant was awarded a combined total of 148 days of custody credit.[2]  Defendant filed a timely notice of appeal from the judgment.

We have examined the entire record and are satisfied that defendant's appellate counsel has complied with his responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[2]    Defendant applied to the superior court to correct the award to the agreed upon 365 days.  The trial court found that defendant spent 322 actual days in custody, and corrected the order to reflect that amount, plus 322 days of conduct credit, for a total of 644 days of presentence custody credit.